# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00229-MR-DLH

| | |
|---|---|
| KENNETH BURKE and LILIANA MICOLI, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>BANK OF AMERICA, N.A. and RONALD BERG, )<br>)<br>Defendants. ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant Bank of America, N.A.'s Motion for Summary Judgment [Doc. 51].

This action arises from Plaintiff Kenneth Burke's purchase of Lot 111 (the "Lot") in Grey Rock at Lake Lure ("Grey Rock"), a planned resort community in North Carolina.[1] Mr. Burke first learned about Grey Rock through a presentation given by Defendant Ronald Berg at an investment club meeting that Mr. Burke attended. Mr. Burke attended a second presentation at Defendant Berg's home before signing an agreement to purchase the Lot. At the suggestion of Defendant Berg, Mr. Burke then

---

[1] Plaintiff Liliana Micoli, Mr. Burke's wife, was not a party to any of the loan documents.

turned to Defendant Bank of America, N.A. ("Bank of America") to finance his purchase.

Ultimately, Grey Rock's developer, LR Buffalo Creek, LLC, failed to complete the infrastructure and amenities in Grey Rock and subsequently became insolvent, leaving the Plaintiffs owning land with a value significantly lower than the original purchase price. The Plaintiffs then brought this action against Bank of America and Ronald Berg, seeking to hold these Defendants legally responsible for their losses.

The Plaintiffs initially brought suit in one mass action with other borrower-plaintiffs on December 8, 2011, but the Court severed all claims. Carter v. Bank of America, Civil Case No. 1:11-cv-00326 (W.D.N.C. Dec. 8, 2011). The Plaintiffs then refiled an individual Complaint. Following the Court's Order granting in part and denying in part Bank of America's Motion to Dismiss, only Plaintiffs' claims for fraud and for violations of the Interstate Land Sales Act ("ILSA") and the North Carolina Unfair and Deceptive Trade Practices Act ("Chapter 75") remain pending against the Defendants.

Bank of America now seeks summary judgment on the Plaintiffs' remaining claims. While not consenting to an order for summary judgment being entered against them, the Plaintiffs concede that there are no

material facts in dispute and that this case is factually and legally similar to other Grey Rock cases in which Bank of America was recently granted summary judgment.  See Kaufman v. Bank of America, N.A., No. 1:12-cv-00228-MR-DLH, Docs. 37, 38 (W.D.N.C. 2014); Percy v. Bank of America, N.A., No. 1:12-cv-00235-MR-DLH, Docs. 46, 47, 49 (W.D.N.C. 2014); Chan v. Bank of America, N.A., No. 1:12-cv-00236-MR-DLH, Docs. 38, 39 (W.D.N.C. 2014); Callahan v. Bank of America, N.A., No. 1:12-cv-00243-MR-DLH, Docs. 37, 38 (W.D.N.C. 2014).  Accordingly, for the reasons stated in the orders granting summary judgment in those previous cases, the Court concludes that the Defendant Bank of America, N.A. is entitled to judgment as a matter of law in this case.  There being no motions pending with respect to Ronald Berg, the Plaintiffs' action against this Defendant will continue to proceed to trial.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant Bank of America N.A.'s Motion for Summary Judgment [Doc. 51] is **GRANTED**, and the Plaintiffs' claims against the Defendant Bank of America, N.A. are hereby **DISMISSED**.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge